IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2154-D

| | | |
|---|---|---|
| MARK JOYNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

On July 14, 2014, Mark Joyner ("Joyner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. [D.E. 1]. On February 6, 2015, Joyner filed several exhibits in support of his petition [12-1]. Joyner moves for a hearing, discovery, and appointment of counsel [D.E. 7, 9–12]. The court now conducts its initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses the petition as untimely.

I.

Between June 28 and July 27, 1987, Joyner broke into three homes in Wilson County, North Carolina, in the middle of the night, with the intent of raping women sleeping therein. [D.E. 12-1] 2. He actually raped one woman, and attempted to rape another while brandishing a knife. Id.; see Pet. 1, 9. On January 28, 1988, in Wilson County Superior Court, Joyner pleaded guilty to attempted first-degree rape, second-degree rape, and two counts of first-degree burglary. Pet. 1; [D.E. 12-1] 1 (offender sentence history), 4–5 (plea transcript), 6–9 (judgment and commitment). The trial court sentenced Joyner to life imprisonment. Pet. 1; [D.E. 12-1] 6–9. Joyner did not appeal. Pet. 2.

On an unspecified date in 2013, Joyner learned that the "offender's crime version" of the attempted rape contained factual inaccuracies and "has stopped [Joyner] from getting any promotions every year since 1998." Pet. 5. Joyner filed a habeas corpus petition in state court, which denied the petition on February 5, 2014. Pet. 2. Joyner signed his section 2254 petition on July 10, 2014, and filed it in this court on July 14, 2014. Pet. 10. Joyner seeks to be released and to receive punitive damages. Pet. 10.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

2

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560–61 (4th Cir. 1999). An application for postconviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. See Taylor, 186 F.3d at 560–61. However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for postconviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Once the state's highest court orders a final disposition in the state postconviction proceedings, the prior limitations period resumes. See, e.g., Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438–39; Harris, 209 F.3d at 327.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because Joyner did not appeal to the North Carolina Court of Appeals, his conviction became final no later than February 11, 1988, when the fourteen-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). Thus, Joyner's conviction became final before the AEDPA's effective date, and the one-year statute of limitations began to run on April 25, 1996, the day following the

3

AEDPA's effective date. Hernandez, 225 F.3d at 438–39. Therefore, absent a later date on which Joyner's claims accrued or an applicable tolling period, Joyner's one-year period of limitation began to run on April 25, 1996, and expired on April 24, 1997. Id. Joyner's postconviction filing did not reopen his time for filing a habeas petition. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Accordingly, absent equitable tolling, Joyner's July 2014 petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. See Holland, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (quotation omitted); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Joyner has not demonstrated diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases). Accordingly, Joyner's petition is dismissed as time-barred.

As for Joyner's request for monetary damages, "damages are not an available habeas remedy." Nelson v. Campbell, 541 U.S. 637, 646 (2004). Thus, the court denies Joyner's request

4

for monetary damages. Joyner's motions for a hearing and discovery [D.E. 7, 9, 11–12] likewise lack merit. See Rule 8, Rules Governing Section 2254 Cases in the United States District Courts; Maynard v. Dixon, 943 F.2d 407, 412–13 (4th Cir. 1991). As for Joyner's request for appointment of counsel, see [D.E. 10], no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Joyner has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies the motion.

II.

In sum, the court DENIES petitioner's motions [D.E. 7, 9–12], DISMISSES petitioner's application for habeas corpus relief [D.E. 1] as time-barred, and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 28 day of May 2015.

JAMES C. DEVER III
Chief United States District Judge